42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald E. FRITZ, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-2100.
 United States Court of Appeals, Tenth Circuit.
 Dec. 5, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing plaintiff's first amended complaint on the grounds that the district court lacked subject matter jurisdiction. Plaintiff appeals on the grounds that the discretionary function exception to the Federal Tort Claims Act is inapplicable. We affirm the order of the district court dismissing plaintiff's complaint.
 
 
 3
 Plaintiff was injured while performing construction work on a federal job site. Plaintiff's employer, SCORE, was hired by the United States to perform work at this site. Under its contract with the United States, SCORE was required to certify to the contracting officer that all required insurance had been obtained. SCORE certified its compliance on this job site. After plaintiff was injured, it was determined that SCORE had failed to provide worker's compensation coverage to satisfy plaintiff's award. In this action plaintiff alleges that the United States negligently determined that SCORE had obtained the proper insurance coverage. We agree with the district court that the failure of the United States to monitor adequately SCORE's compliance with its insurance certifications falls directly within the discretionary function exception to the Federal Tort Claims Act. Cooper v. American Auto. Ins. Co., 978 F.2d 602 (10th Cir.1992). We therefore AFFIRM the order of the district court dismissing this action for lack of subject matter jurisdiction. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470